UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-03772-MWC-PD                                                    Date: July 22, 2025

Title     Nik Venet v. Recreational Equipment, Inc.

Present: The Honorable:    Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order DENYING Plaintiff's motion to remand (Dkt. 26) and MOOTING Plaintiff's request to appear remotely (Dkt. 35)**

Before the Court is a motion to remand filed by Plaintiff Nik Venet ("Plaintiff"). Dkt. # 26-1 ("*Mot.*"). Defendant Recreational Equipment, Inc. ("Defendant") opposed, Dkt. # 33 ("*Opp.*"), and Plaintiff replied, Dkt. # 34 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers and proffered evidence, the Court **DENIES** Plaintiff's motion to remand.

I.     Background

On March 18, 2024, Plaintiff, on behalf of himself and all persons who worked for Defendant in California as non-exempt employees during the relevant time period, filed a class action lawsuit against Defendants in the Superior Court of California, County of Los Angeles. *See* Dkt. # 1-1 ("*Compl.*"). Plaintiff's complaint alleges the following nine causes of action: (1) failure to pay minimum wages; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to provide rest breaks; (5) failure to provide accurate wage statements; (6) failure to reimburse employees; (7) failure to provide wages; (8) failure to pay sick wages; and (9) unfair and unlawful business practices. *See id.* Plaintiff defines two classes as follows:

> The California Class: All individuals who are or previously were employed by Defendant in California, including any employees staffed with Defendant by a third party, and classified as non18 exempt employees at any time during the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-03772-MWC-PD                                          Date: July 22, 2025

Title       Nik Venet v. Recreational Equipment, Inc.

>period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court.
>
>The California Labor Sub-Class: All members of the California Class who are or previously were employed by Defendant in California, including any employees staffed with Defendant by a third party, and classified as non-exempt employees at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court.

*Id.* ¶¶ 4, 35 (cleaned up).

On April 24, 2025, Defendant filed a notice of removal pursuant to the Class Action Fairness Act ("CAFA").  Dkt. # 1 ("*NOR*").  Because Plaintiff did not expressly plead a specific amount of damages in the complaint, Defendant calculated its own estimate of potential damages based on Plaintiff's allegations.  *See generally id.*  Plaintiff now moves to remand, arguing that Defendant has failed to establish that the amount in controversy exceeds the jurisdictional minimum.  *See generally Mot.*

II.     Legal Standard

    A.     Motion to Remand

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").  The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

    B.     CAFA

CAFA provides federal jurisdiction over class actions in which (1) the amount in controversy exceeds $5 million, (2) there is minimal diversity between the parties, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-03772-MWC-PD                                          Date: July 22, 2025

Title        Nik Venet v. Recreational Equipment, Inc.

(3) the number of proposed class members is at least 100.  28 U.S.C. §§ 1332(d)(2), (d)(5)(B).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 82 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  However, a court should not impose a presumption against CAFA's jurisdiction.  *See Jauregui v. Roadrunner Transp. Servs. Inc.*, 28 F. 4th 989, 993 (9th Cir. 2022) ("[I]t appears the district court had *some* notion that removal under CAFA should be met with a level of skepticism and resistance.  That was incorrect.").

Under CAFA, a defendant removing a case must file a notice of removal "containing a short and plain statement of the grounds for removal." *Dart Cherokee*, 574 U.S. at 83 (quoting 28 U.S.C. § 1446(a)).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless the defendant's assertion is contested by the plaintiff.  *Id.* at 89.  Where, a defendant's asserted amount in controversy is contested, then "[e]vidence establishing the amount is required." *Id.*  "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy has been satisfied." *Id.* at 82.  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197.  The Court notes that it is only once a defendant satisfies its "burden to put forward evidence showing that the amount in controversy exceeds $5 million," *id.* at 1197, "the burden [then] shifts to plaintiff to produce evidence." *Townsend v. Brinderson Corp.*, No. CV 14-5320 FMO RZX, 2015 WL 3970172, at *3 (C.D. Cal. June 30, 2015).  "In other words, while plaintiff *may* rebut defendant's evidence with his own evidence, he or she need not do so in order to prevail on his or her motion for remand." *Id.* (emphasis in original).

Under this system, a defendant may rely on "reasonable assumptions" to assert that the claims meet the amount-in-controversy requirement.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Ibarra*, 775 F.3d at 1197–99).  As the Ninth Circuit has explained: "[I]n assessing the amount in controversy, a removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-03772-MWC-PD                                   Date: July 22, 2025

Title   <u>Nik Venet v. Recreational Equipment, Inc.</u>

---

defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Id.* at 925 (quoting *Ibarra*, 775 F.3d at 1200). These "assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* (quoting *Ibarra*, 775 F.3d at 1198–99). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.*

III.   Discussion

The parties do not dispute class numerosity or minimal diversity. *See generally Mot.* Therefore, the only question before the Court is whether the amount in controversy exceeds $5 million. For the reasons set forth below, the Court finds that the amount in controversy requirement is met.

   A.   Defendant's Proffered Evidence

With its removal notice, Defendant provided an initial declaration from Zach Lewis ("Mr. Lewis"), an economist and a manager at Stout Risius Ross ("Stout"). Dkt. # 7 ("Lewis Decl."). Mr. Lewis explained that he derived several data points after receiving relevant electronic data from Defendant's counsel,[1] including: (1) timekeeping data from July 30, 2023 to April 9, 2025 contained in five different Excel files; (2) payroll data from March 18, 2021 to March 31, 2025 contained in two different Excel files; and (3) human resources information system data from March 18, 2021 to April 2, 2025 contained in one file. *Id.* ¶ 5. For the period from July 30, 2023 to April 9, 2025, Mr. Lewis determined the number of putative class members and the number of workweeks they worked each year, and their average rate of pay for the same intervals. *Id.* ¶ 7. Mr. Lewis then sets forth his employed methodology in estimating the potential exposure that arises from Plaintiff's allegations. *Id.* ¶¶ 11–25.

Plaintiff argues that Defendant's notice of removal "is supported only by unreliable declaration testimony, unreasonable assumptions and missing information and data points, [and therefore] Plaintiff cannot conduct even a preliminary analysis to verify or rebut Defendant's blanket claims of jurisdiction." *Mot.* 3:5–8. The Court rejects Plaintiff's contention that Defendant's evidence is baldly unreliable and is missing data. Courts routinely accept similar declarations as credible evidence to establish CAFA

---

[1] Defendant's counsel attests that she received the data from Defendant, which she later transmitted to Stout. Dkt. # 8 ¶¶ 4–5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:25-cv-03772-MWC-PD                                    Date: July 22, 2025

Title    Nik Venet v. Recreational Equipment, Inc.

removal.  *See, e.g.*, *Garcia v. William Scotsman, Inc.*, No. CV 24-02977, 2024 WL 4289895, at *3 (C.D. Cal. Sept. 25, 2024) (collecting cases); *Elizarraz v. United Rentals, Inc.*, No. 2:18-CV-09533 ODW (JC), 2019 WL 1553664, *2 (C.D. Cal. Apr. 9, 2019) (denying remand motion when defendant relied on a declaration by an economist who was "provided payroll data" including "employee work hours, earnings, dates of employment, and locations" and testified "to such data as the average rate of pay," "the number of non-exempt employees," "the number of workweeks," and "the number of non-exempt employees whose employment ended during this period").  Defendant's evidence "must lay foundation—which typically includes personal knowledge, specification of the records, review of those records, and either some form of corroborating evidence or methodology to arrive to the proposed numbers," which it has done.  *See Hurt v. SH Group Hotels and Residence U.S. LLC*, 2:24-cv-08840 MWC (ASx), 2024 WL 5244725, at *3 (C.D. Cal. Dec. 30, 2024) (collecting cases).

The Court addresses Plaintiff's concerns of unreasonable assumptions of violation rates as they arise per each asserted violation below.

 B. <u>Unpaid Minimum Wages, Unpaid Overtime Wages, and Failure to Provide Meal and Rest Periods</u>

The Court first analyzes Plaintiff's claims for (1) failure to pay minimum wages; (2) failure to pay overtime compensation; and (3) failure to provide meal and rest periods.  In calculating potential exposure as to these claims, Mr. Lewis was asked to assume a potential exposure rate of 10%.  *Lewis Decl.* ¶¶ 12–18.  Mr. Lewis rounded up each employee's potential violation count to the nearest integer.  *Id.*  The Court lays out Mr. Lewis' calculations below:

- For alleged minimum wage violations, Mr. Lewis assumed a potential exposure rate of 10% of all shifts worked at an amount equal to 1 hour of unpaid wages at the minimum wage rate in effect in 2023 ($15.50).  *Id.* ¶ 12.  After performing those calculations, Mr. Lewis determined that the number of unpaid minimum wages totaled $814,044.50, as well as a total amount of $814,044.50 in liquidated damages.  *Id.* ¶¶ 13–14.

- For alleged overtime wage violations, Mr. Lewis assumed a potential exposure rate of 10% of all shifts worked at an amount equal to 1 hour of unpaid wages at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-03772-MWC-PD                                                     Date: July 22, 2025

Title   <u>Nik Venet v. Recreational Equipment, Inc.</u>

the minimum wage rate in effect in 2023 by 1.5.  *Id.* ¶ 15.  After performing those calculations, Mr. Lewis determined that the number of unpaid overtime wages totaled $1,221,066.75.  *Id.* ¶ 16.

- For alleged meal period premium violations, Mr. Lewis assumed a potential exposure rate of 10% of all shifts that were more than five hours in length at an amount equal to 1 hour of unpaid wages at the minimum wage rate in effect in 2023.  *Id.* ¶ 17.  After performing those calculations, Mr. Lewis determined that the number of unpaid meal period premium wages totaled $655,371.00.  *Id.* ¶ 18.

- For alleged rest period premium violations, Mr. Lewis assumed a potential exposure rate of 10% of all shifts that were more than three and a half hours in length at an amount equal to 1 hour of unpaid wages at the minimum wage rate in effect in 2023.  *Id.* ¶ 19.  After performing those calculations, Mr. Lewis determined that the number of unpaid rest period premium wages totaled $796,018.00.  *Id.* ¶ 20.

Plaintiff argues that Defendant's 10% violation rate is an unreasonable assumption.  *Mot.* 8:27–13:2.  Not so.  Plaintiff's complaint alleges that the meal and rest period violations occurred "from time to time," *Compl.* ¶¶ 8, 11–12, 86–93, in which an exposure rate of 10% is rather conservative.  *See Cantu v. C.R. England, Inc.*, No. EDCV 23-02126-MWF (SPX), 2024 WL 1995349, at *2-3 (C.D. Cal. May 6, 2024) (approving use of 25% violation rates for meal and rest break claims where allegations in complaint stated that the plaintiff and class members suffered violations "at times" and "on occasion"); *Nunes v. Home Depot U.S.A., Inc.*, No. 2:19-cv-01207-JAM-DB, 2019 WL 4316903, at *2 (E.D. Cal. Sept. 12, 2019) (finding a 20% violation rate reasonable where complaint alleged defendants caused class members to forfeit meal breaks without compensation "from time-to-time").  The off-the-clock allegations are not similarly narrowed "from time to time;" instead, the complaint alleges that Defendant engages in the practice of requiring off-the-clock work.  *See Compl.* ¶¶ 8, 59–71.  Thus, a 10% violation rate for wage violations is also conservative.  *See Lujano v. Piedmont Airlines, Inc.*, No. 8:23-CV-00405-FWS-DFM, 2023 WL 5805582, at *6 (C.D. Cal. Sept. 6, 2023) (finding a 40% violation rate for overtime violations to be a reasonable assumption where the complaint alleged that defendant engaged in "systematic illegal employment practices" and a "pattern and practice" of committing overtime violations).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-03772-MWC-PD                                          Date: July 22, 2025

Title   <u>Nik Venet v. Recreational Equipment, Inc.</u>

    Plaintiff also raises issue with Defendant's assumption of off-the-clock work of 1 hour. *Mot.* 3:26–4:3. However, the Court finds that the assumption is reasonable. *See Kastler v. Oh My Green, Inc.*, No. 19-cv-02411-HSG, 2019 WL 5536198, at *4 (N.D. Cal Oct. 25, 2019) (stating that an assumption of one hour of unpaid minimum wage per week was a "conservative estimate routinely endorsed by courts in evaluating CAFA's amount in controversy requirement when plaintiff fails to include specific allegations" (internal citation omitted)); *Sanchez v. Abbott Lab'ys*, No. 2:20-CV-01436-TLN-AC, 2021 WL 2679057, at *5 (E.D. Cal. June 30, 2021) ("Courts in this Circuit have often found a 20% violation rate (one unpaid overtime hour per week) a reasonable and 'conservative estimate' when plaintiff alleges a 'policy and practice' of failing to pay overtime wages."); *Stanley v. Distribution Alts., Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2 (C.D. Cal. Dec. 6, 2017) (holding violation rate of "two hours of overtime" reasonable where the complaint alleged a "'pattern and practice' of wage and hour violations" but "no guidance as to the frequency of these violations" and there was "no competing evidence that would suggest lower violation rates").

    Furthermore, Plaintiff argues that Defendant fails to present evidence regarding which class members worked shifts entitling them to meal and rest breaks. *Mot.* 11:17–12:4. The Court disagrees. Mr. Lewis narrows exposure for alleged meal period violations to those class members that worked more than five hours in length at an amount equal to one hour of unpaid wage, and narrowed exposure for alleged rest period violations to those class members that worked more than three and a half hours in length. *Lewis Decl.* ¶¶ 17, 19.

    In sum, the Court finds that Defendant's proffered totals are credible for the unpaid minimum wages, unpaid overtime wages, and failure to provide meal and rest periods—totaling $4,300,544.75.

    C.    <u>Waiting Time Penalties</u>

    The Court next turns to Plaintiff's claim for waiting time penalties. In calculating the potential exposure, Mr. Lewis identified 821 putative class members who were terminated during the three-year statutory period beginning July 30, 2023 to April 9, 2025. *Lewis Decl.* ¶ 21. Mr. Lewis then calculated potential exposure at 30 days to terminated employees over the three-year statute of limitations by using the class average hours worked per day within the three-year statute of limitations and multiplying that by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:25-cv-03772-MWC-PD                                              Date: July 22, 2025

Title     Nik Venet v. Recreational Equipment, Inc.

the minimum wage rate in effect in 2023 (i.e., 7.01 hours x 30 days x $15.5). *Id.* According to Mr. Lewis, the potential waiting time penalties amount to $2,676,172.65. *Id.* ¶ 22.

Plaintiff challenges the potential exposure calculation and asserts that Defendant "offers no justification for its assumption that all punitive employees are owed 30 days of waiting time penalties, further assuming that each of the [sic] former employees worked an average of 7.01 hours." *Mot.* 14:20–22. Plaintiff further contends that Defendant's calculations improperly assume a 100% violation rate. *Id.* 16:4–17:13.

The Court agrees that a 100% violation rate was not warranted but otherwise disagrees with Plaintiff. Plaintiff does not use broad language such as "at all relevant times," but alleges that Defendant "regularly" committed violations. *Compl.* ¶ 18. *Cf. Lucas v. Michael Kors (USA), Inc.*, No. CV-18-1608-MWF (MRWx), 2018 WL 2146403, at *9 (C.D. Cal. May 9, 2018) (holding 100% violation rate reasonable where plaintiff alleged in her complaint "that at all relevant times" defendants maintained a "policy and practice of issuing [inaccurate] wage statements"). The Court finds that a reduced violation rate of 20% is warranted based on Plaintiff's allegations that the violations were committed regularly. *See Connor v. O Positive, LLC*, No. 2:24-CV-07449 MWC (PDX), 2025 WL 750687, at *6 (C.D. Cal. Mar. 7, 2025) (reducing assumed violation rate to 20% where plaintiff proffered evidence that defendant did in fact pay some meal break penalties). Moreover, Defendant's maximum statutory penalty is not "assumed," as Plaintiff demands 30 days of pay as penalty and does not argue that Defendant "has failed to do so within 3 to 30 days or some other amount of time less than statutory maximum." *Thompson v. La Petite Acad., Inc.*, No. 2:22-CV-04348-AB (JPRx), 2022 WL 5241838, at *4 (C.D. Cal. Oct. 6, 2022). As to the average hours, the number is credible considering the Mr. Lewis' review of the data.

Accordingly, assuming a 20% violation rate (and tying the calculation to the number of separated employees), the potential exposure for waiting time penalties is $535,234.53.

D.     <u>Wage Statement Penalties</u>

The Court now addresses Plaintiff's wage statement claim. In calculating the potential exposure, Mr. Lewis identified 2,612 putative class members who worked

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-cv-03772-MWC-PD | Date: July 22, 2025 |
| Title  Nik Venet v. Recreational Equipment, Inc. | |

51,596 bi-weekly pay periods within the one-year statute of limitations period. *Lewis Decl.* ¶ 23. Assuming a 100% violation rate and a maximum of $4,000 for each class member, Mr. Lewis applied a $50 penalty for the first violation and $100 for all subsequent violations—concluding that potential wage statement penalties totaled $5,029,000.00. *Id.* ¶ 24.

Plaintiff (again) argues that a 100% violation rate is not a reasonable assumption. *Mot.* 13:3–14:11. The Court agrees. Plaintiff highlights that the complaint alleges that the wage statement violations occurred "[f]rom time to time." *Compl.* ¶ 96. Therefore, like the Court did with Plaintiff's claim for waiting time penalties, the Court assumes a 20% violation instead. *See* Section III (C).

Accordingly, assuming a 20% violation rate (and using Mr. Lewis' calculation of $5,029,000.00), the potential exposure for wage statement penalties is $1,005,800.00.

### E.  Plaintiff's Remaining Claims

Although Defendant's evidence does not discuss potential exposure of Plaintiff's remaining claims, Defendant's evidence does include an estimate as to potential exposure of attorney fees. *Lewis Decl.* ¶ 25. Because the analyzed claims above exceed CAFA's amount in controversy threshold at a combined total of $5,841,579.28, the Court need not determine attorneys' fees estimates. *See Garcia*, 2024 WL 4289895, at *10.

### IV.  Conclusion

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |